1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     FREDERICK E. LEONARD,                    No.  2:19-CV-02271-DMC-P

12              Plaintiff,

13         v.                                    ORDER

14     GURMEET KAUR, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18     U.S.C. § 1983. Pending before the Court is Plaintiff's objection to Defendant's deposition notice.

19     ECF No. 25. Defendant served a deposition notice on Plaintiff on December 4, 2020, scheduling a

20     deposition for December 21, 2020. ECF No. 26-1 at 1. Plaintiff objects to the deposition, arguing

21     that he is unable to review his legal materials because he is presently confined to administrative

22     segregation in prison. ECF No. 25. He states that he would like to review his material and receive

23     the interrogatories and admissions that he requested on October 25, 2020. See id. He requests that

24     the Court grant him an additional 30 days to review any discovery material. Id.

25              Defendant opposes Plaintiff's objection. ECF No. 26. He argues that the objection

26     is unnecessary. Id. at 2. Defendant specifically indicates that he timely responded to Plaintiff's

27     interrogatories request on December 14, 2020, that Plaintiff is permitted access to legal materials

28     for this active case while he is held in administrative segregation, and that Plaintiff has in fact

                                                   1

been in possession of case materials since December 11, 2020. Id.; ECF No. 26-2 at 1–2. Defendant notes that Plaintiff has been in administrative segregation only since December 2, 2020. ECF No. 26-2 at 2.

The Court construes Plaintiff's objection to Defendant's deposition notice and request for additional time as a motion for a protective order under Federal Rule of Civil Procedure 26(c)(1). Rule 26(c)(1) permits parties from whom discovery is requested to move for a protective order to protect the party from circumstances such as harassment, annoyance, or undue burden. Any motion for a protective order must include a certification that the moving party has conferred or attempted to confer in good faith with the other party to resolve the dispute without action from the Court. Fed. R. Civ. P. 26(c)(1). The Court may take action including setting deadlines for and forbidding certain discovery. Fed. R. Civ. P. 26(c)(1)(A)–(B).

The Court issued its scheduling order on September 1, 2020. ECF No. 21. The Court ordered that the parties may conduct discovery until December 27, 2020. Id. Because of the Christmas holiday on December 25, 2020, the final business day on which to take Plaintiff's deposition prior to the discovery deadline would be December 24, 2020. It would be imprudent to grant Plaintiff an additional 30 days to review his legal materials without altering the discovery schedule, which the Court declines to do. Discovery has been open for almost four months. Although the Court recognizes that Plaintiff may have been without his case materials for a short period of time, he is now in possession of his legal documents. The Court also recognizes that Defendant just recently responded to Plaintiff's request for interrogatories on December 14, 2020. But as of the date of this order, almost a week remains before Plaintiff's deposition. Given the initial scheduling order issued in September of 2020, he has been in possession of his other discovery much longer than that. The Court finds that a protective order is unwarranted.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's objections, ECF No. 25, is construed as a motion for a protective order; and

2.      So construed, Plaintiff's motion is denied.


Dated:  December 18, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE