**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDERICK E. LEONARD, | No. 2:19-CV-2271-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| GURMEET KAUR, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendant's motion to compel Plaintiff's deposition testimony. ECF No. 28. Plaintiff objects to granting the motion. ECF No. 29.

The Court issued its discovery ordered on September 1, 2020. ECF No. 21. The Court permitted the parties to conduct discovery until December 27, 2020. Id. at 2. The order, under Federal Rule of Civil Procedure 30(a)(2)(B), specifically permitted Defendant to depose Plaintiff. Id. at 1–2. The order further obliged to serve notice upon Plaintiff in advance of a deposition, as required under Federal Rule of Civil Procedure 30(b)(1). Id. at 2. The Court ordered Defendant to provide Plaintiff with 14 days advance notice of a deposition. Id. at 1–2.

Defendant served a Notice of Deposition on Plaintiff on December 4, 2020. ECF No. 28-1 at 2. Plaintiff's deposition was to occur December 21, 2020, via video conference. Id. Plaintiff filed an objection to the deposition notice, which the Court construed as a motion for a

1    protective order. See ECF No. 27. At the time Plaintiff filed his motion, discovery had been

2    ongoing for nearly four months, on top of which Plaintiff would have had the required 14 days to

3    prepare for the deposition. Id. The Court denied the motion for a protective order on December

4    18, 2020. Id. at 3. The Court recognized that its discovery order permitted the parties to conduct

5    discovery until December 27, 2020, but that due to the Christmas holiday, the last business day on

6    which to take Plaintiff's deposition was effectively December 24, 2020. Id. at 2. Plaintiff refused

7    to appear at his deposition on December 21, 2020. ECF No. 28-1 at 2.

8    Plaintiff objects to Defendant's motion to compel. ECF No. 29. He acknowledges

9    that he refused to appear for the deposition. Id. at 2. Plaintiff contends that he refused to appear

10   for his deposition because had not yet received the Court's decision on his motion for a protective

11   order. Id. Plaintiff asserts that he did not receive the order until December 22, 2020. Id. He then

12   appears to contend that, because the effective last day to take his deposition, December 24, 2020,

13   has come and gone, Defendant can no longer depose him. Id.

14   The purpose of discovery is to "remove surprise from trial preparation so the

15   parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

16   Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

17   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

18   permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

23   Fed. R. Civ. P. 26(b)(1).

24   Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

25   may move for an order compelling an answer, designation, production, or inspection." Fed. R.

26   Civ. P. 37(a)(3)(B). A party may make such a motion if, for instance, a deponent fails to answer a

27   question, a party fails to answer an interrogatory or fails to produce requested documents. Fed. R.

28   Civ. P. 37(a)(3)(B)(iii)–(iv). The Court may also order a party to provide further responses to an

"evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). Rule 37(a), furthermore, encompasses orders to attend a deposition. Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1222 (9th Cir. 2018). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the Court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

As Defendant correctly indicates, Defendant has a right to relevant discovery and, with leave of the Court, to take Plaintiff's deposition by oral examination. See Fed. R. Civ. P. 26(b)(1), 30(a)(2)(B). The Court may order, under Federal Rule of Civil Procedure 37(a), a party who refuses to cooperate with a deposition to appear for the deposition. See Sali, 884 F.3d at 1222. The Court recognizes that Plaintiff asserts that he did not receive the Court's order denying his motion for a protective order until December 22, 2020, the day after the deposition was to take place. But the lack of a ruling in hand did not give Plaintiff license to refuse to appear for his properly noticed deposition. Defendant noticed Plaintiff of his deposition on December 4, 2020, thus complying with both the Court's discovery order and Federal Rule of Civil Procedure 30(b)(1). Plaintiff received sufficient notice of the deposition. He had no valid reason to refuse to appear for his properly noticed deposition.

///
///
///
///

Finally, Plaintiff's apparent contention that, because Defendant did not take Plaintiff's deposition by December 24, 2020, that Defendant cannot now do so is entirely meritless. Plaintiff cannot avoid discovery by obstructing discovery. The Court will, therefore, grant Defendant's motion to compel and order Plaintiff to appear and answer questions at a further deposition, which Defendant may take by video.

Defendant does not move for sanctions or expenses. Given Plaintiff's status as a prisoner and the Court's earlier order granting Plaintiff leave to proceed in forma pauperis, the Court does not order fees or costs. See Fed. R. Civ. P. 37(a)(5)(iii). Defendant does, however, move that the Court advise Plaintiff that the Court may issue appropriate sanctions against parties who fail to obey an order permitting discovery. See Fed. R. Civ. P. 37(b). The Court grants Defendant's request. Plaintiff is advised that further failure to comply with discovery or failure to appear for a properly noticed deposition may result in sanctions. Sanctions may include dismissal of Plaintiff's case in its entirety. Fed. R. Civ. P. 37(b)(2)(A)(v).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel Plaintiff's deposition testimony (ECF No. 28) is **GRANTED**.

2. Plaintiff is ordered to appear for his properly noticed deposition and answer all questions posed subject to reasonable and appropriate objections; and

3. Discovery is otherwise closed.

Dated: January 22, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE