UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD, | Case No. 2:19-CV-2271-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GURMEET KAUR, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion for summary judgment, ECF No. 37, Plaintiff's opposition, ECF No. 40, and Defendant's reply, ECF No. 41. Additionally, before the Court is Plaintiff's cross-motion for summary judgment, ECF No. 43, Defendant's opposition, ECF No. 46, and Plaintiff's reply, ECF No. 49. Plaintiff's single claim alleges that Defendant, a prison librarian, denied him the use of the video viewing station in the prison law library, in violation of his First Amendment right to access courts.

Both parties move for summary judgment. Defendant argues she is entitled to summary judgment because Plaintiff's underlying case is frivolous, and she did not prevent him from meeting a court-ordered deadline. ECF No. 37 at 1. In addition, she contends that she is entitled to qualified immunity. Id. Plaintiff argues he is entitled to summary judgment because

1

Defendant violated his right to access to the courts and that Defendant is not entitled to qualified immunity. ECF No. 43. The undersigned finds that there is no genuine dispute about whether Defendant violated Plaintiff's right of access to the courts and thus recommends that Defendant's motion for summary judgment be granted and Plaintiff's cross-motion for summary judgment be denied.

## I. BACKGROUND

Plaintiff commenced this civil rights action on November 8, 2019. ECF No. 1. At the relevant times, Plaintiff was a priority legal user ("PLU"), meaning he was allowed additional time in the prison law library. Id. Plaintiff was a PLU because he had court-ordered deadlines in an active case, Leonard v. Casillas, et al., No. 2:18-CV-2004-CKD-P.

Plaintiff alleges in his complaint that on three dates, June 6, 7, and 8 of 2019, Defendant prohibited him from using the video viewing station in the law library, which barred him from filing objections to a court order. ECF No. 1 at 1-4. Specifically, he claims that Defendant did not allow him to utilize the viewing station in the library while he conducted legal research. Id. at 3. Plaintiff additionally alleges that Defendant accused him of "monopolizing" the video equipment and he feared pursuing his legal work because Defendant threatened him with disciplinary action. Id. He also alleges that on June 8, 2019, Defendant told him that he was wasting his time as PLU and that she would consider his actions in the future when deciding whether to grant him PLU status. Id. at 4.

Plaintiff commenced the underlying case of Leonard v. Casillas, et al., No. 2:18-CV-2004-CKD-P on June 7, 2018. ECF No. 1. In that case, he brought several claims against three defendants: Casillas, Foster, and Shahid. Id. In a screening order, the Court found that Plaintiff's retaliation claim against Casillas was cognizable. Id. However, it found the following claims were not cognizable: (1) deliberate indifference to Plaintiff's serious medical needs against Casillas, (2) indeliberate indifference to Plaintiff's due process rights against Shahid and Foster, and (3) due process violations against Shahid and Casillas. Id. The Court gave Plaintiff two options: proceed on his complaint, subject its dismissal of the incognizable claims, or amended

2

his complaint.  Id.  The Court allowed him fourteen days to notify the Court of his decision.  Id.
On May 6, 2019, Plaintiff notified the Court that he elected to amend his complaint.  ECF No. 11.
The Court granted Plaintiff thirty days from the date of service (May 10, 2019) to file his
amended complaint.  ECF No. 12.  On May 31, 2019, Plaintiff filed his first amended complaint.
ECF No. 13.  The Court issued another screening order addressing Plaintiff's first amended
complaint on June 6, 2019.  ECF No. 15.  There, the Court found that Plaintiff had stated viable
claims against Casillas and Foster for retaliation and against Shahid and Foster for due process.
Id.  However, the Court found Plaintiff's claims against Shahid and Foster for deliberate
indifference to Plaintiff's due process rights and his claim against Casillas for due process did not
state viable claims.  Id.  The Court dismissed those claims and ordered Plaintiff to file any
objections within fourteen days of June 6, 2019, meaning he had until June 20, 2019.  Id.
Plaintiff did not file any objections, and the Court ultimately dismissed those claims without leave
to amend.  ECF No. 20.

## II. THE PARTIES' EVIDENCE

### A. Defendant's Evidence

Defendant's motion for summary judgment is supported by declarations of L.
Pigniolo, a California Department of Corrections and Rehabilitation ("CDCR") California State
Prison ("CSP")-Solano Librarian, ECF No. 37-5, and Stacia L. Johns, a Deputy Attorney General
employed by the Office of the Attorney General for the State of California and Defendant's
counsel, ECF No. 37-4, as well as portions of Plaintiff's deposition transcript and interrogatory
responses, id. at 4-18. Defendant also submitted a Statement of Undisputed Facts, ECF No. 37-3,
contending the following facts are undisputed:

> 1. Plaintiff Frederick Leonard (BD7691) is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR). (Compl. 1, ECF No. 1.)  Plaintiff was housed at Solano State Prison at times material to the matters at issue.  (Id. at 1-2.)
>
> 2. At all times relevant to this action, Defendant Kaur was employed by CDCR at Solano State Prison as a Senior Librarian. (Compl. 2, ECF No. 1.)

3

3. Plaintiff initiated the action in Leonard v. Casillas, et al., Case No. 2:18-cv-2004 (E.D. Cal.) on July 20, 2018. (Defs.' Req. for Judicial Notice (RJN), Ex. B.) The complaint alleged that the defendants, G. Casillas, A. Shahid, and P. Foster, violated his rights under the First, Eighth, and Fourteenth Amendments. (Id.)

4. On April 24, 2019, the court screened the complaint, finding that Plaintiff failed to state claims upon which relief could be granted with respect to his claims against defendants Shahid and Foster, and with respect to his deliberate indifference and due process claims against Casillas. (RJN Ex. C.) The court gave Plaintiff the option to proceed on his retaliation against defendant Casillas or amend the complaint. (Id.) The court ordered Plaintiff to complete and return a form notifying the court as to how he chose to proceed within fourteen days. (Id.)

5. On May 6, 2019, Plaintiff filed a notice indicating he would amend the complaint. (RJN Ex. D.)

6. On May 10, 2019, the court ordered Plaintiff to amend his complaint within thirty days. (RJN Ex. E.) The order stated that if Plaintiff failed to amend the complaint, the case would proceed on the original complaint as screened. (Id.)

7. Plaintiff filed an amended complaint on May 31, 2019. (RJN Ex. F.) The amended complaint alleged that the defendants G. Casillas, A. Shahid, and P. Foster violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments. (Id.)

8. On June 6, 2019, the court issued findings and recommendations with respect to Plaintiff's First Amended Complaint. (RJN Ex. G.) The court found service appropriate with respect to Plaintiff's First Amendment claims against defendants Casillas and Foster. (Id.) The court also found service appropriate with respect to Plaintiff's due process claims against defendants Foster and Shahid. (Id.) The court recommended that Plaintiff's due process claim against defendant Casillas and his deliberate indifference claims against defendants Shahid and Foster be dismissed without leave to amend. (Id.) The court ordered that any objections to the findings and recommendations were due within fourteen days. (Id.) The court served the order on Plaintiff by mail. (RJN Ex. A.)

9. Plaintiff's objections to the findings and recommendations were due June 24, 2019. (Fed. R. Civ. Proc. 6(a)(1)(C), (d).)

10. Plaintiff received the findings and recommendations on approximately June 10, 2019, or June 11, 2019. (Pl.'s Dep. 46:20-47:5; Pl.'s Response to Def.'s Interrogatory No. 5.)

11. Plaintiff never filed objections to the findings and recommendations issued June 6, 2019. (RJN Ex. A.) The district judge adopted the magistrate judge's findings and recommendations on July 22, 2019. (Id.)

4

12. The case <u>Leonard v. Casillas</u>, et al., Case No. 2:18-cv-2004 (E.D. Cal.) remains pending at the time of this motion. (RJN Ex. A.)

13. At all relevant times, Plaintiff had Priority Legal User (PLU) status in the prison library. (Compl. 3-4, ECF No. 1; Pigniolo Decl. ¶ 4, Ex. A.)

14. On June 6, 2019, Plaintiff visited the law library from approximately 7:50 a.m. to 11:30 a.m., and from 12:40 p.m. to 2:30 p.m. He used the video viewing station from 8:30 a.m. to 11:30 a.m., and from 12:45 p.m. to 2:30 p.m. (Pigniolo Decl. ¶¶ 6-7; Exs. B, C.)

15. On June 7, 2019, Plaintiff visited the library from 7:30 a.m. to 11:30 a.m., and from 12:50 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 7:55 a.m. to 9:10 a.m., from 10:30 a.m. to 11:30 a.m., and from 1:00 p.m. to 2:20 p.m. (<u>Id.</u>)

16. On June 8, 2019, Plaintiff visited the library from 7:40 a.m. to 11:30 a.m., and from 12:40 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 7:40 a.m. to 9:20 a.m. (<u>Id.</u>)

17. On June 11, 2019, Plaintiff visited the library from 8:08 a.m. to 11:30 a.m., and from 12:30 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 8:45 a.m. to 11:20 a.m. (<u>Id.</u>)

18. On June 12, 2019, Plaintiff visited the library from 8:15 a.m. to 11:30 a.m., and from 12:40 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 10:10 a.m. to 11:10 a.m., and from 12:35 p.m. to 2:30 p.m. (<u>Id.</u>)

19. On June 13, 2019, Plaintiff visited the library from 7:37 a.m. to 11:30 a.m. and from 12:35 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 8:00 a.m. to 10:00 a.m., from 10:10 a.m. to 11:10 a.m., and from 12:35 p.m. to 2:20 p.m. (<u>Id.</u>)

20. On June 14, 2019, Plaintiff visited the library from 7:40 a.m. to 11:30 a.m., and from 12:35 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 8:00 a.m. to 11:30 a.m., and from 12:35 p.m. to 2:30 p.m. (<u>Id.</u>)

21. On June 15, 2019, Plaintiff visited the library from approximately 1:20 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 1:20 p.m. to 2:20 p.m. (<u>Id.</u>)

22. On June 18, 2019, Plaintiff visited the library from 7:40 a.m. to 11:30 a.m., and from 12:40 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 8:00 a.m. to 9:15 a.m., and from 12:40 p.m. to 2:20 p.m. (<u>Id.</u>)

23. On June 19, 2019, Plaintiff visited the library from 7:40 a.m. to 11:30 a.m., and from 12:40 p.m. to 2:30 p.m. (<u>Id.</u>) He used the video viewing station from 8:00 a.m. to 11:30 a.m., and from 12:40 p.m. to 2:25 p.m. (<u>Id.</u>)

        24.     On June 20, 2019, Plaintiff visited the library from 7:40 a.m. to 11:30 a.m., and from 12:40 p.m. to 2:30 p.m.  (Id.)  He used the video viewing station from 8:00 a.m. to 9:15 a.m.  (Id.)

        25.     On June 21, 2019, Plaintiff visited the library from 7:45 a.m. to 11:30 a.m.  (Id.)  He used the video viewing station from 8:05 a.m. to 11:15 a.m.  (Id.)

        26.     On June 22, 2019, Plaintiff visited the library from 12:47 p.m. to 2:30 p.m.  (Pigniolo Decl. ¶ 6, Ex. B.)

        27.     On June 6, 7, and 8, 2019, Plaintiff used the video viewing station to watch JFK, a 1991 film starring Kevin Costner.  (Pigniolo Decl. ¶ 8, Ex. D.)

        28.     Plaintiff used the video viewing station to watch JFK on June 11, 13, 14, 15, 18, 19, 20, and 21, 2019.  (Id.)

        29.     JFK was the only film Plaintiff viewed in the library in June 2019.  (Id.)

ECF No. 37-3.

    **B.**    **Plaintiff's Evidence**

In response to Defendant's Statement of Undisputed Facts, Plaintiff offers his own declaration signed under penalty of perjury.  ECF No. 40 at 1-2.  He states in his declaration that Defendant's motion for summary judgment is untimely and thus should not be considered by this Court.  Id. at 2.

In support of his cross-motion for summary judgment, Plaintiff filed a Statement of Disputed Facts asserting genuine issues of disputed fact.  See ECF No. 43.  In support of his opposition, Plaintiff offers his own declaration signed under penalty of perjury, see id. at 3-6, as well as the following exhibits:

        Exhibit A     Plaintiff's complaint, id. at 20.

        Exhibit B     Plaintiff's administrative grievance log # 19-01603 and second and third level responses, id. at 25.

        Exhibit C     Plaintiff's administrative grievance log # 19-01599 and second and third level response, id. at 33.

        Exhibit D     Plaintiff's administrative grievance log # 19-01159 and second third level response, id. at 42.

        Exhibit E     Plaintiff's inmate request for interview, id. at 49.

| | | |
|---|---|---|
| | Exhibit F | Defendant's responses to Plaintiff's first set of interrogatories, id. at 51. |
| | Exhibit G | Defendant's responses to Plaintiff's first set of requests for admissions, id. at 64. |
| | Exhibit H | Defendant's responses to Plaintiff's second set of requests for admissions, id. at 75. |
| | Exhibit I | Defendant's responses to Plaintiff's second set of interrogatories, id. at 85. |
| | Exhibit J | Plaintiff's PLU status memorandum dated id. at 95. |
| | Exhibit K | Court order in case Leonard v. Casillas, Case No. 2:18-cv-2004-CKD (P), dated April 24, 2019, id. at 99. |
| | Exhibit L | Plaintiff's PLU status memorandum and court order in case Leonard v. Casillas, Case No. 2:18-cv-2004-CKD (P), dated May 10, 2019, id. at 112. |
| | Exhibit M | Plaintiff's requested extension of PLU status and Leonard v. Casillas, Case No. 2:18-cv-2004-CKD (P), dated June 6, 2019 id. at 119. |
| | Exhibit N | Court order from Leonard v. Casillas, Case No. 2:18-cv-2004-WBS-CKD (P), dated July 19, 2019, id. at 132. |
| | Exhibit O | Plaintiff's PLU status memorandum dated November 1, 2019, and a settlement conference memorandum dated December 5, 2019 id. at 137. |
| | Exhibit P | Video Library Request from CSP-Solano Prison dated June 7 and 8, 2019, id. at 142. |
| | Exhibit Q | Declaration of Keith Harrell, id. at 144. |

Because Plaintiff is pro se, the Court "must consider as evidence in his opposition to summary judgment all of [the] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). Therefore, the Court will also consider as evidence the factual assertions made in Plaintiff's complaint, which is verified.

///

///

7

### III.  STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than

simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### IV. DISUCSSION

Plaintiff alleges that Defendant violated his First Amendment right to access courts by denying him the use of the prison law library's video viewing station on June 6, 7, and 8, 2019. Defendant avers that she is entitled to summary judgment for three reasons. ECF No. 37 at 1. First, she argues Plaintiff's underlying case was frivolous. Id. Second, she contends there is no evidence that she blocked him from meeting a court-ordered deadline. Id. Finally, she argues she is entitled to qualified immunity. Id. Plaintiff argues that Defendant violated his right to access courts and that she is not entitled to summary judgment.[1] ECF No. 43. Having

---

[1] Plaintiff also asserts that Defendant retaliated against him and interfered with his access to courts on additional dates. As Plaintiff failed to include either of these claims in the complaint, this Court will not address them at this time. See Gonzalez v. City of Fed. Way, 299 F. App'x. 708, 710 (9th Cir. 2008).

considered the evidence, the Court concludes Defendant did not violate Plaintiff's First Amendment right. The Court therefore recommends granting Defendant's motion and denying Plaintiff's motion.

Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Prison officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828; Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). But the right does not require a particular methodology. See Lewis, 518 U.S. at 356. It guarantees the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. It does not promise to turn inmates into effective litigators. See id. at 354-55; Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). The right of access secures the ability to present non-frivolous claims to the court, it does not secure a right to discover claims or litigate them effectively once filed. See Lewis, 518 U.S. at 354-55; Phillips, 477 F.3d at 655. The tools required are those that inmates need to attack their sentences or challenge conditions of confinement. See Lewis, 518 U.S. at 355; Phillips, 477 F.3d at 655. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355; see Phillips, 477 F.3d at 655. The right is restricted to non-frivolous criminal appeals, civil rights actions under 42 U.S.C. § 1983, and habeas corpus petitions. Lewis, 518 U.S. at 353 n.3, 354-56.

The United States Supreme Court has identified two categories of access-to-court claims. Christopher v. Harbury, 536 U.S. 403, 412-13 (2002). The first category includes "forward-looking" claims, which allege that official action presently frustrates a plaintiff's ability to prepare and file a suit. Id. at 413. The second category, "backward-looking" claims, allege that due to official action, a specific case "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." Id. at 413-14. These cases look

"backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." Id. at 414.

To establish an access to the court violation, a prisoner must identify an actual injury. Lewis, 518 U.S. at 349-351; Nev. Dep't of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011); Urmancheev v. Anglea, No.:1:19-cv-00791-DAD-JLT (PC), 2020 WL 1904818, at *2 (E.D. Cal. Apr. 17, 2020). An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 349; Urmancheev, 2019 WL 1904818, at *2. An actual injury is a jurisdictional requirement and may not be waived. See Lewis, 518 U.S. at 348-52; Urmancheev, 2019 WL 1904818, at *2. And in the backward-looking context more specifically, a plaintiff must identify: (1) loss of a "nonfrivolous," "arguable" underlying claim; (2) the official acts that frustrated the litigation of the underlying claim; and (3) a remedy that "may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought." Harbury, 536 U.S. at 414-18; Urmancheev, 2019 WL 1904818, at *2; Kabede v. Brown, No. 2:16-cv-1765 DB (P), 2017 WL 714300, at *6 (E.D. Cal. Feb. 22, 2017).

Under California prison regulations, to be eligible for PLU status, inmates must demonstrate that they have a court ordered deadline in an active case or a statutory deadline, and they must not be represented by counsel. Cal. Code Regs. tit. 15 § 3122 (b) (1), (2). Generally, an inmate can obtain PLU status within 30 calendar days of the court-ordered deadline. See id. at (b)(5). An inmate with PLU status may have their status revoked or be removed from the library if they are "observed by staff to act in an unreasonably disruptive manner or [] engage in non-legal work." Id. at (b)(7). Additionally, use the law library is "for the purpose of using its legal resources." Cal. Code Regs. tit. 15 § 3123(a). And while all inmates are entitled to access the law library, "[i]nmates on PLU status may receive a minimum of 4 hours per calendar week of requested physical law library access, as resources are available, and shall be given higher priority to the law library resources." Id. at (b).

///

///

1           Both parties argue that the opposing motions are untimely. Pursuant to the
2   scheduling order, the deadline for filing dispositive motions was March 29, 2019. ECF No. 21.
3   Defendant filed her motion on March 29, 2019, ECF No. 37, and thus it is timely. Plaintiff's
4   motion, on the other hand, was not file until April 23, 2021. ECF No. 43. Despite this, the Court
5   will consider Plaintiff's motion given that Defendant's opposition substantively addresses it.
6           Turning to the merits, the undisputed evidence shows that Plaintiff had access to
7   the prison law library and its video viewing station.[2] Indeed, the law library access logs establish
8   that he was in the law library for a total of 16 hours and 38 minutes on June 6, 7, and 8, 2019.
9   ECF No. 37-5 at 55-65. As for the video viewing station, the logs indicate Plaintiff used it for 3
10  hours on June 6, 2 hours and 20 minutes on June 7, and 1 hour and 40 minutes on June 8. Id. at
11  78-79. Plaintiff's evidence does not refute the logs which show that he had access to the law
12  library as well as the video viewing station. Accordingly, Plaintiff cannot succeed on his claim.
13  The Court finds that Defendant has met her summary judgment burden of demonstrating the
14  absence of triable issues of fact arising from Plaintiff's allegation and that Plaintiff has not
15  overcome this showing with evidence establishing a triable issue of fact. Thus, this Court
16  recommends granting Defendant's motion and denying Plaintiff's motion.
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /

---

[2] Aside from the evidence showing that Plaintiff had access to the library and video viewing station, the evidence also shows that he did not know about the pending court deadline until after he claimed Defendant denied him access. See ECF No. 37-4 at 46-47 (Plaintiff acknowledging he did not receive the Court order with deadlines until June 11, 2019); ECF No. 37-4 at 15-16 (Plaintiff acknowledging he did not receive the Court order with deadlines until June 10, 2019).

## V.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment, ECF No. 37, be granted, and Plaintiff's cross-motion for summary judgment, ECF No. 43, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to the objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 3, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

13